ROGER WAYNE MITTENDORFF, PLAINTIFF v. APRIL MARIE MITTENDORFF, DEFENDANT

No. COA98-810

(Filed 18 May 1999)

**Child Support, Custody, and Visitation— child support—reduction—voluntary reduction of income—no showing that child's needs decreased**

The trial court erred by reducing defendant's child support obligation based upon a voluntary reduction in income without a showing that the needs of the child decreased.

Appeal by plaintiff from order filed 16 March 1998 by Judge Peter L. Roda in Buncombe County District Court. Heard in the Court of Appeals 4 May 1999.

*Roger T. Smith for plaintiff-appellant.*

*No brief filed for defendant-appellee.*

GREENE, Judge.

Roger Mittendorff (Plaintiff) appeals from the trial court's order allowing April Mittendorff (Defendant) a reduction in child support.

By a judgment filed 10 June 1997, Defendant was ordered to pay the weekly sum of $78.23 as child support for the parties' son. The amount of support was based upon a finding that Defendant would be earning $7.50 per hour in a new job.

On or about 16 January 1998, Defendant served a motion and notice of hearing for modification of child support order seeking to decrease the amount of her child support obligation.

During the hearing upon the motion, Defendant testified she did not take the job paying $7.50 per hour named in the judgment, but took another job in which she was earning $7.15 per hour. At the time of the hearing, Defendant had voluntarily quit her job earning $7.15 per hour and was earning $6.53 per hour in a new job. Defendant admitted that there had been no change in her son's financial needs.

After hearing the evidence, the trial court entered an order in which it found there had been a change of circumstances warranting

a reduction in child support payments because "[Defendant] earns [$]6.51 [sic] per hour instead of [$]7.50 per hour." Based upon this sole finding of fact, the trial court granted Defendant's motion and reduced her child support obligation to the amount of $130.00 every two weeks effective 20 October 1997. Plaintiff appeals.

---

The dispositive issue is whether a voluntary reduction in a noncustodial parent's income, absent any showing that the needs of the child have decreased, is sufficient to constitute a "changed circumstance" justifying a modification of a child support award.

Child support orders may be modified only upon a showing of substantial changed circumstances. *Wiggs v. Wiggs*, 128 N.C. App. 512, 515, 495 S.E.2d 401, 403, *disapproved of on other grounds by Pulliam v. Smith*, 348 N.C. 616, 501 S.E.2d 898 (1998); *Davis v. Risley*, 104 N.C. App. 798, 800, 411 S.E.2d 171, 172 (1991). A substantial and *involuntary* decrease in a parent's income constitutes a changed circumstance, and can justify a modification of a child support obligation, even though the needs of the child are unchanged. *Wiggs*, 128 N.C. App. at 515, 495 S.E.2d at 403. A *voluntary* decrease in a parent's income, even if substantial, does not constitute a changed circumstance which alone can justify a modification of a child support award. *Schroader v. Schroader*, 120 N.C. App. 790, 794, 463 S.E.2d 790, 793 (1995). A *voluntary* and substantial decrease in a parent's income can constitute a changed circumstance only if accompanied by a substantial decrease in the needs of the child. *Id.* In determining whether the party has sustained a decrease in income, the party's actual earnings are to be used by the trial court if the voluntary decrease was in good faith. *See Chused v. Chused*, 131 N.C. App. 668, 671, 508 S.E.2d 559, 561-62 (1998). If the voluntary decrease in income is in bad faith, the party's earning capacity is to be used by the trial court in determining whether there has in fact been a decrease in income. *Id.* The burden of showing good faith rests with the party seeking a reduction in the child support award.

In this case, all the evidence in the record shows Defendant decided to redirect her career voluntarily and that the result was a reduction in her income. Assuming the reduction is considered substantial and in good faith, there has been no showing that the needs of the child have decreased. Defendant, indeed, admitted there had been no change in her son's financial needs. Defendant, therefore, failed to meet her burden of proof. Accordingly, the trial court's order reducing the child support award must be reversed.

Reversed.

Judges WALKER and SMITH concur.