ROBERT E. WOLF, Plaintiff v. LORENE L. WOLF, Defendant

No. COA01-766

(Filed 16 July 2002)

**1. Child Support, Custody, and Visitation; Divorce— child support—postseparation support—modification—voluntary unemployment**

The trial court did not err by failing to reduce, modify, or eliminate plaintiff husband's child support and postseparation support payments, because there was sufficient evidence in the record to show that plaintiff's unemployment was voluntary.

WOLF v. WOLF

[151 N.C. App. 523 (2002)]

**2. Contempt— civil—child support—postseparation support—failure to pay bonus or relocation expense**

The trial court did not err in an action for child support and postseparation support by holding plaintiff husband in civil contempt for his failure to pay defendant wife twenty percent and fifteen percent of the gross amount of his hiring bonus of $5,769.24 when the trial court's order required plaintiff to pay this percentage of his bonuses, because: (1) there is nothing in the trial court's order that restricted the provision on bonuses to plaintiff's work at a particular employment, and the provision applies to all future bonuses; and (2) there is sufficient evidence to show that the money plaintiff received was a bonus covered by the final order, and plaintiff prevented defendant and his children from receiving it in accordance with the final order by willfully relabeling the bonus a relocation expense.

**3. Contempt— civil—child support—postseparation support—failure to pay—willfulness**

The trial court did not err by failing to find plaintiff husband in civil contempt for willful failure to pay his child support obligation in the amount of $1,129.00 per month and his postseparation support obligation of $609.00 per month, because the trial court did not find that plaintiff had the ability to pay or that his failure to pay was willful concerning his fixed amount of child and post-separation support.

Appeal by plaintiff and defendant from an order entered 19 December 2000 by Judge J. David Abernethy in Catawba County District Court. Heard in the Court of Appeals 20 May 2002.

*Starnes and Killian, PLLC, by Wesley E. Starnes, for plaintiff.*

*Crowe & Davis, P.A., by H. Kent Crowe, for defendant.*

TYSON, Judge.

Robert E. Wolf ("plaintiff") appeals from an order that (1) denied his motion to modify post-separation and child support orders and (2) held him in contempt. Lorene L. Wolf ("defendant") also appeals from that order that denied in part and allowed in part her motion for contempt and attorney's fees. We affirm the order of the trial court.

**WOLF v. WOLF**

[151 N.C. App. 523 (2002)]

## I. Facts

Plaintiff and defendant married on 14 December 1985. Three children were born of the marriage. Plaintiff and defendant separated on 30 March 1997. Plaintiff was employed by Shurtape Technologies ("Shurtape") earning approximately $6,127.00 per month.

Plaintiff filed a complaint that requested permanent custody of the minor children, child support, and equitable distribution of the marital estate on 23 May 1997. Defendant answered and counterclaimed for divorce from bed and board, sole custody of the minor children, child support payments, alimony, post-separation support, possession of the marital property, equitable distribution, and attorney's fees in the alimony and child support actions on 22 September 1997.

After a hearing on 4 March 1998, the trial court entered two orders on 7 December 1998, *nunc pro tunc* 3 April 1998, granting defendant (1) primary care and custody of the minor children, (2) post-separation support in the amount of $609.00 per month, (3) fifteen percent (15%) of the gross amount of any bonus received by plaintiff in the future as additional post-separation support, (4) child support in the amount of $1,129.00 per month, (5) twenty percent (20%) of the gross amount of any bonus received by plaintiff in the future as additional child support, and (6) attorney's fees in the child support action.

Plaintiff was laid off by Shurtape when his department was eliminated in January 1999. On 4 March 1999, plaintiff was hired with Tesa Tape, Inc. ("Tesa"). *Plaintiff received a hiring bonus in the* amount of $5,069.24. Plaintiff contends that the additional money received at hiring was not a "hiring bonus" but "relocation expenses." Plaintiff earned approximately the same salary with Tesa as he had with Shurtape. Plaintiff's employment with Tesa was terminated on 28 September 1999. Plaintiff had paid his child and post separation support payments in the amount of $1,129.00 per month and $609.00 per month respectively until he was terminated. Plaintiff did not pay fifteen percent and twenty percent of his hiring bonus in child or post-separation support.

Plaintiff filed a verified motion to "Modify/Reduce/Eliminate Post-Separation Support" on 17 November 1999. The next day Plaintiff filed a motion to "Modify/Reduce Child Support." On 7 April 2000, defendant filed a "Motion For Contempt" for nonpayment of

child support, post-separation support, and reimbursement of medical expenses and an "Order to Show Cause" setting the contempt motion for hearing on 19 April 2002.

Plaintiff's and defendant's motions were heard on 31 May 2000 and 26 June 2000. The trial court issued an Order on 19 December 2000 that (1) denied plaintiff's motions to modify the child support order and the post-separation order, and (2) granted in part and denied in part defendant's motion for contempt. Both plaintiff and defendant appeal.

## II. Issues

Plaintiff assigns as error the trial court's (1) failure to reduce, modify or eliminate plaintiff's child support and post-separation support payments and (2) holding plaintiff in contempt for his failure to pay defendant twenty percent and fifteen percent of the gross amount of his "relocation expense" of $5,769.24. Defendant assigns as error the trial court's denying, in part, her motion for contempt.

## III. Plaintiff's Assignments

### A. Motion To Reduce Support Payments

[1] Plaintiff contends that the trial court erred by failing to modify his child and post-separation support obligations. Plaintiff argues that no evidence supports a finding or conclusion that plaintiff was voluntarily unemployed. We disagree.

Plaintiff sought to reduce his child support obligation pursuant to G.S. § 50-13.7 and his post-separation support obligation pursuant to G.S. § 50-16.9. Both statutes require plaintiff to show that there has been "changed circumstances" since the entry of the order. N.C. Gen. Stat. § 50-13.7 (2002); N.C. Gen. Stat. § 50-16.9 (2002).

A change in circumstances must be shown by the party moving for the modification in order to modify an order for support or alimony. *Rock v. Rock*, 260 N.C. 223, 132 S.E.2d 342 (1963). The fact that a husband's salary or income has been reduced substantially does not automatically entitle him to a reduction. *Medlin v. Medlin*, 64 N.C. App. 600, 307 S.E.2d 591 (1983).

The trial court may refuse to modify support and/or alimony on the basis of an individual's earning capacity instead of his actual income when the evidence presented to the trial court shows that a husband has disregarded his marital and parental obligations by: (1)

failing to exercise his reasonable capacity to earn, (2) deliberately avoiding his family's financial responsibilities, (3) acting in deliberate disregard for his support obligations, (4) refusing to seek or to accept gainful employment, (5) wilfully refusing to secure or take a job, (6) deliberately not applying himself to his business, (7) intentionally depressing his income to an artificial low, or (8) intentionally leaving his employment to go into another business. *Bowes v. Bowes*, 287 N.C. 163, 171-72, 214 S.E.2d 40, 45 (1975) (citations omitted); *see also Wachacha v. Wachacha*, 38 N.C. App. 504, 507-08, 248 S.E.2d 375, 377-78 (1978).

When the evidence shows that a party has acted in "bad faith," the trial court may refuse to modify the support awards. *Chused v. Chused*, 131 N.C. App. 668, 671, 508 S.E.2d 559, 561-62 (1998). If a husband has acted in "good faith" that resulted in the reduction of his income, application of the earnings capacity rule is improper. *Wachacha*, 38 N.C. App. at 508, 248 S.E.2d at 377-78. *See also Chused*, 131 N.C. App. 668, 508 S.E.2d 559 (held no evidence that husband acted in bad faith by deliberately depressing his income, and the evidence was sufficient to prove husband was "involuntarily" terminated from his employment).

The dispositive issue is whether a party is motivated by a desire to avoid his reasonable support obligations. To apply the earnings capacity rule, the trial court must have sufficient evidence of the proscribed intent. *Wachacha*, 38 N.C. App. at 508, 248 S.E.2d at 378 (quoting *Sguros v. Sguros*, 252 N.C. 408, 114 S.E.2d 79 (1960)).

Here there is substantial evidence in the record and the trial court did not err by finding and concluding that the plaintiff disregarded his marital and parental obligations. The trial court found and concluded that:

> the change in the Plaintiff's employment circumstances in being terminated from [Tesa] and his continued unemployment were voluntarily effected by the Plaintiff in conscious and reckless disregard of his duty to provide support to his former wife and children as ordered by the Court in this action. (Emphasis supplied).

The trial court supported this finding and conclusion with extensive findings of fact. Notwithstanding plaintiff's arguments, there is sufficient evidence in the record to show that his unemployment was voluntary. The trial court made the following findings of fact, which

are supported by the evidence, concerning plaintiff's termination at Tesa: (1) upon being hired by Tesa, plaintiff insisted on renaming his "bonus" as a relocation expense that irritated his new employer, (2) plaintiff overinflated his expense reports, (3) plaintiff failed to disclose vital information about his bankruptcy which embarrassed his supervisor, (4) plaintiff made unreasonable demands about his business trips, and (5) all of plaintiff's actions with respect to his new job lead to an "entirely predictable termination." This assignment of error is overruled.

### B. Trial Court's Order Holding Plaintiff In Contempt

[2] Plaintiff contends that the trial court erred when it held him in contempt for not paying defendant twenty percent and fifteen percent, respectively, of his $5,769.24 "bonus" or "relocation expense." Plaintiff argues that the final order did not contemplate bonuses received from sources other than Shurtape. Alternatively, plaintiff argues that there is no evidence that his "relocation expense" was a "bonus." We disagree.

The trial court considered the percentages of the bonuses to be paid to defendant and found that "Plaintiff acted in conscious and reckless disregard of his duty to provide support to the Defendant and the minor children as previously ordered by the Court in this action." We do not accept plaintiff's interpretation of the final order, which obligated plaintiff to pay certain percentages of his bonuses to defendant. The child support and post-separation support orders provided that:

> In addition to the foregoing monthly child [and post-separation] support obligation[s] of the Plaintiff, the Plaintiff shall, within ten (10) days from the date he receives any bonus from his employment in the future, pay . . . to the Defendant, the sum of twenty percent (20%)[and fifteen (15%)] of the gross amount of any and all future bonuses which he receives from his employment. (Emphasis supplied).

There is nothing contained in these portions of the final order that restricts this provision to plaintiff's work at Shurtape. The provision applies to *all future bonuses*.

After thorough review of the record, there is sufficient evidence to show that the money plaintiff received from Tesa upon hire was a "bonus" covered by the final order, and that plaintiff prevented

**WOLF v. WOLF**

[151 N.C. App. 523 (2002)]

defendant and his children from receiving it in accordance with the final order by wilfully re-labeling the bonus a relocation expense. This assignment of error is overruled.

### IV. Defendant's Assignments

Defendant listed eight assignments of error in the record. All assignments of error raised but not argued are deemed abandoned. N.C.R. App. P. 28(b)(5) (2002).

[3] Defendant contends that the trial court erred by not finding plaintiff in contempt for "willful" failure to comply with the other provisions of the child support and post-separation support orders. We disagree.

To find plaintiff in contempt, the trial court must find that (1) plaintiff failed to comply with the order, and (2) that plaintiff presently possesses the means to comply. *Gorrell v. Gorrell*, 264 N.C. 403, 141 S.E.2d 794 (1965). "In proceedings in contempt the facts found by the judge are not reviewable by this court, except for the purpose of passing upon their sufficiency to warrant the judgment." *Green v. Green*, 130 N.C. 578, 578, 41 S.E. 784, 785 (1902).

The trial court concluded that plaintiff was not in contempt by failing to pay his child support obligation in the amount of $1,129.00 per month and his separation support obligation in the amount of $609.00 per month. The trial court did not find that plaintiff had the ability to pay or that his failure to pay was willful concerning his fixed amount of child and post-separation support. This assignment of error is overruled. The order of the trial court is affirmed.

Affirmed.

Chief Judge EAGLES and Judge McGEE concur.