JOHNSTON COUNTY, ON BEHALF OF DIANE BUGGE, PLAINTIFF V. CHRISTOPHER M. BUGGE, DEFENDANT

No. COA11-869

(Filed 7 February 2012)

**1. Appeal and Error—incomplete transcript—appellate review not precluded**

　　Plaintiff's motion to dismiss defendant's appeal in a child support case was denied. The incomplete transcript did not preclude appellate review of the appeal.

**2. Child Custody and Support—motion to modify—presumption of substantial change of circumstance—rebutted by evidence**

　　The trial court did not abuse its discretion in a child support case by failing to make sufficient findings of fact concerning substantial change of circumstances. Although defendant was entitled to the presumption of a substantial change in circumstances, the presumption was rebutted by evidence that defendant intentionally left his job, thereby voluntarily depressing his income. Further, defendant's contention that his income was inapplicable when the basis for the modification was a three year review was

rejected and his argument that the trial court improperly deviated from the child support guidelines was overruled.

Appeal by Defendant from order entered 7 February 2011 by Judge Charles Bullock in Johnston County District Court. Heard in the Court of Appeals 1 December 2011.

*Holland & O'Connor, PLLC, by Jennifer S. O'Connor, for Plaintiff-Appellee.*

*Law Office of Elaine B. Wilson, by Elaine B. Wilson, for Defendant-Appellant.*

BEASLEY, Judge.

Christopher Bugge (Defendant) appeals the trial court's denial of his motion to decrease his child support payments. For the following reasons, we affirm.

Defendant and Diane Bugge (Plaintiff) were married on 16 December 1995 and later separated on 5 January 2007. There were two children born of the marriage. On 15 February 2007, the parties entered into a consent order for child support. The consent order provided that Defendant would pay $1,800 per month in child support. On 29 October 2007, the parties entered into another consent agreement which lowered Defendant's child support payments to $830 per month.

Plaintiff requested intervention from the Johnston County Child Support Enforcement Agency (the Agency) and on 15 June 2009, the Agency filed a motion to intervene on behalf of Plaintiff. The court permitted intervention and an order was entered on 21 July 2009 that required Defendant to continue to pay $830 per month plus arrears.

On 15 October 2010, Defendant moved to modify the child support order and the trial court denied this motion concluding that there had been no change in circumstances. On 3 December 2010, Defendant filed another motion to modify the child support order. Defendant's motion to decrease his child support payment was denied. On 4 February 2011, Defendant again moved to decrease his child support and the trial court denied his motion on 7 February 2011. On 9 March 2011, Defendant filed timely notice of appeal.

[1] We first address Plaintiff's motion to dismiss. Plaintiff argues that the incomplete transcript precludes appellate review of this appeal. We disagree.

A review of the transcript reveals that there are small portions of the hearing where the court's rulings are inaudible. Plaintiff argues that the inaudible portions of the court's reasoning for denying modification of the child support order renders this Court unable to review the merits of this appeal. "[A]lthough the transcript in the case *sub judice* cannot be described as a model of reporting service, it is not so inaccurate as to prevent this Court from reviewing it for errors. . . ." *State v. Hammond*, 141 N.C. App. 152, 168, 541 S.E.2d 166, 177-78 (2010) (citations omitted). Moreover,

> it is not necessary to dismiss [the] appeal in light of the other documents in the record and defendant's assignments of error. Appellate Rule 9(a)(1)(v) states that the record shall contain "so much of the evidence, set out in the form provided in Rule 9(c)(1), as is necessary for an understanding of all errors assigned. . . ."

*Napowsa v. Langston*, 95 N.C. App. 14, 19, 381 S.E.2d 882, 885 (1989). In this case, the trial court's order included written findings of fact and conclusions of law. Additionally, Defendant does not argue that the trial court's findings are not supported by competent evidence, but instead argues that the trial court applied an incorrect legal standard. Under these circumstances, we will not dismiss Defendant's appeal and will now address the appeal on the merits.

**[2]** Defendant argues that the trial court abused its discretion because it did not make sufficient findings of fact concerning substantial change of circumstances. We disagree.

"In reviewing child support orders, our review is limited to a determination [of] whether the trial court abused its discretion." *Spicer v. Spicer*, 168 N.C. App. 283, 287, 607 S.E.2d 678, 682 (2005). "Under this standard of review, the trial court's ruling will be overturned only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." *Id.* "The trial court must, however, make sufficient findings of fact and conclusions of law to allow the reviewing court to determine whether a judgment, and the legal conclusions that underlie it, represent a correct application of the law." *Id.*

Pursuant to N.C. Gen. Stat. § 50-13.7 (a) (2011), a trial court is authorized to modify a child support order at any time upon a motion in the cause by an interested party and a showing of changed circumstances. "Modification of an order requires a two-step process. First, a court must determine whether there has been a substantial

change in circumstances since the date the existing child support order was entered." *Head v. Mosier*, 197 N.C. App. 328, 333, 677 S.E.2d 191, 195 (2009) (citations omitted). The trial court only moves to the second step if the court finds there has been a substantial change in circumstances. *Id.* at 334, 677 S.E.2d at 196.

The 2009 Child Support Guidelines provide:

> In a proceeding to modify the amount of child support payable under a child support order that was entered at least three years before the pending motion to modify was filed, a difference of 15% or more between the amount of child support payable under the existing order and the amount of child support resulting from application of the guidelines based on the parents' current incomes and circumstances shall be presumed to constitute a substantial change of circumstances warranting modification of the existing child support order.

N.C. Child Support Guidelines 2011 Ann. R. N.C. 41, 46. "When the moving party has presented evidence that satisfies the requirements of the fifteen percent presumption, they [sic] do not need to show a change of circumstances by other means." *Head*, 197 N.C. App. at 333-34, 677 S.E.2d at 196. (citations omitted).

However, "[t]he fact that a husband's salary or income has been reduced substantially does not automatically entitle him to a reduction." *Wolf v. Wolf*, 151 N.C. App. 523, 526, 566 S.E.2d 516, 518 (2002).

> The trial court may refuse to modify support and/or alimony on the basis of an individual's earning capacity instead of his actual income when the evidence presented to the trial court shows that a husband has disregarded his marital and parental obligations by: (1) failing to exercise his reasonable capacity to earn, (2) deliberately avoiding his family's financial responsibilities, (3) acting in deliberate disregard for his support obligations, (4) refusing to seek or to accept gainful employment, (5) wilfully refusing to secure or take a job, (6) deliberately not applying himself to his business, (7) intentionally depressing his income to an artificial low, or (8) ***intentionally leaving his employment to go into another business.***

*Id.* at 526-27, 566 S.E.2d at 518-19. (citations omitted) (emphasis added). "When the evidence shows that a party has acted in 'bad faith', the trial court may refuse to modify the support awards." *Id.*

Defendant contends that he was not afforded the presumption of a substantial change of circumstances provided by the N.C. Child Support Guidelines. Defendant is correct in his assertion that there is a presumption that a substantial change of circumstances has occurred in this case. However, "the guidelines apply as a rebuttable presumption in all legal proceedings involving the child support obligation of a parent. . . ." N.C. Child Support Guidelines, 2009 Ann. R. N.C. 41.

In the case *sub judice*, the trial court found that

DEFENDANT VOLUNTARILY LEFT HIS JOB IN NORTH CAROLINA TO RELOCATE TO FLORIDA TO PURSUE A CAREER IN COMPUTERS AND IS CURRENTLY PURSUING A CAREER AS A MEDICAL THERAPU[T]IC MASSAGE THERA- PIST WITHOUT ANY CONCERN [FOR] THE WELFARE OF [HIS] MINOR CHILDREN.

The trial court may deny modification upon a finding that Defendant intentionally left his employment. *See Wolf*, 151 N.C. App. at 527, 566 S.E.2d at 519. Although Defendant was entitled to the presump- tion of a substantial change in circumstances, the presumption was rebutted by evidence that Defendant intentionally left his job, thereby voluntarily depressing his income.

Further, Defendant argues that the trial court did not have the authority to determine that Defendant depressed his income because the ground for modification was not his change in income, but the modification was based on a three year review of the initial child sup- port order. Defendant erroneously argues that the lower court had no authority to use Defendant's income as a factor in determining whether to grant or deny modification and; therefore, the trial court erred by relying on Defendant's income in determining whether there had been a substantial change in circumstances that warranted a modification of the child support order. Defendant provides no case support for this argument. Moreover, a plain reading of N.C. Gen. Stat. § 50-13.7(a) (2011) clearly shows that Defendant's income is also determinative when requesting modification based on a three year review. We therefore reject Defendant's contention that the income of a party seeking modification is inapplicable when the basis for the modification is a three year review.

Defendant further argues that the trial court improperly deviated from the child support guidelines. This argument is based on Defendant's erroneous contention that the trial court lacked authority to use Defendant's income as a factor for denying the modification. Accordingly, Defendant's remaining argument is also overruled.

Affirmed.

Judges ERVIN and THIGPEN concur.