MICHAEL STEPHEN KING, Plaintiff-Appellee v. CAROL P. KING, Defendant-Appellant

No. COA99-1597

(Filed 19 June 2001)

**1. Constitutional Law— due process—domestic contempt action—not advised of right to counsel—not indigent**

A defendant in a domestic action which included a motion for contempt for failure to pay child support was not denied due process because she was not advised of her right to counsel where the record contained sufficient facts from which it could be concluded that she was not indigent. She was not entitled to appointed counsel and her due process rights were not violated by allowing her to proceed pro se.

2.  **Constitutional Law— right to counsel—reduction of child support—no liberty interest**

    The due process rights of a defendant in a domestic action were not violated because she was not advised of her right to counsel regarding her motion to modify her child support obligation. A motion for reduction of child support does not in and of itself present any liberty interest that would be threatened if the movant were to lose.

3.  **Child Support, Custody, and Visitation— support—motion to modify—decline in income—voluntary—not a changed circumstance**

    The trial court did not err by denying a motion to modify child support, or by denying a new trial on the issue, where the court found that the decline in income by the moving party (defendant) was voluntary and there was no indication that the needs of the children had changed, so that the change in income was not a changed circumstance.

Appeal by defendant from an order of child custody, child support, contempt and counsel fees filed 30 March 1998, and from an order denying a new trial on these issues entered 7 June 1999, both heard by Judge H. William Constangy in Mecklenburg County District Court. Heard in the Court of Appeals 12 February 2001.

*James A. Warren, Jr. for plaintiff-appellee.*

*The Tryon Legal Group, by Jerry Alan Reese, for defendant-appellant.*

SMITH, Judge.

This appeal arises from an order filed 30 March 1998 denying defendant's motion for modification of child support, motion for modification of custody, motion to hold plaintiff in contempt, and motion for attorney fees, but granting plaintiff's motion to hold defendant in contempt; and from an order entered 7 June 1999, denying defendant's motion for a new trial (on these same issues) and denying amendment of the 30 March 1998 order.

[1] Defendant's main contention is that she was denied due process of law because she was not advised of her right to have counsel appointed to represent her in the contempt and modification hearings. We conclude defendant was not entitled to appointed counsel,

and that the trial court did not err in allowing defendant to appear *pro se*. To better understand our decision, we review the existing law regarding the right to counsel.

Not every defendant is entitled to the appointment of counsel. This is true in both civil and criminal contexts. Under the requirements of due process, a defendant should be advised of his or her right to have appointed counsel where the defendant cannot afford counsel on his own, and "where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dept. of Social Services of Durham County, North Carolina*, 452 U.S. 18, 25, 68 L. Ed. 2d 640, 648 (1981). Where this liberty interest is not at stake, there is a presumption that the defendant is not entitled to counsel. *McBride v. McBride*, 334 N.C. 124, 127, 431 S.E.2d 14, 17 (1993). For appointment of counsel then, a defendant must show that: (1) he is indigent, and (2) his liberty interest is at stake. Keeping these principles in mind, we will address each claim independently.

First, defendant contends she was denied due process of law regarding the contempt claim against her, because it subjected her to possible imprisonment if she lost. Defendant cites *McBride v. McBride*, 334 N.C. 124, 431 S.E.2d 14 (1993), for this proposition. Although Judge Constangy's 30 March 1998 order did find defendant in contempt, she was not imprisoned. Defendant instead was ordered to make a monthly payment of $60.00 toward her arrearages in addition to her monthly child support obligation. However, since defendant legally could have been imprisoned for contempt, we elect to address this issue.

In *McBride*, the defendant was found in civil contempt for nonpayment of child support, and was ordered held in custody until he "purged" himself of the contempt by paying $1380.46, the full amount of the arrearage he owed. Defendant appealed, claiming he was indigent and had been denied due process of law because he had not been appointed counsel at the trial level. This Court affirmed the trial court based on law existing at the time, distinguishing civil and criminal contempt and the need to appoint counsel. *See Jolly v. Wright*, 300 N.C. 83, 265 S.E.2d 135 (1980), *overruled by McBride*, 334 N.C. 124, 431 S.E.2d 14 (1993). This Court held that because the defendant was allowed to "purge" himself of the civil contempt, he held the keys to the jail and could be released whenever he chose by paying the amount of the arrearage. This Court held that defendant was not entitled to appointed counsel, since his liberty interest was only at stake because he chose to put it at stake by not paying the arrearage.

The case was then appealed to our Supreme Court which held that in the situation where a

> truly indigent defendant is jailed pursuant to a civil contempt order which calls upon him to do that which he cannot do—to pay child support arrearage which he is unable to pay—the deprivation of his physical liberty is no less than that of a criminal defendant who is incarcerated upon conviction of a criminal offense.

*McBride*, 334 N.C. at 130-31, 431 S.E.2d at 19.

Accordingly, the Supreme Court found that in order to protect the defendant's due process rights when confronted with this situation, the trial court should at the outset: (1) determine how likely it is that the defendant will be incarcerated; (2) if it is likely, the court should inquire of the defendant if he desires counsel, and determine his ability to pay for representation; and (3) if the defendant desires counsel but is indigent at the time, the court is to appoint counsel to represent him. *Id.* at 132, 431 S.E.2d at 19.

We conclude that upon the record before us, Judge Constangy followed these guidelines. He assessed the situation, realized that a contempt charge was pending, and inquired as to what defendant would like to do:

Judge Constangy:	I'm not sure your position in regard to the contempt matter. Are you contending that you are an indigent and requesting appointment of counsel or are you waiving appointment of counsel?

Defendant:	Waiving appointment of counsel and that I am going to represent myself pro se [sic] on these charges.

In addition to specifically stating she did not request counsel, we believe the record contains sufficient facts from which it can be concluded that defendant was not indigent. Defendant stated at trial that "I'm able to cover my bills," "My income is just fine," and "I can live and pay my expenses and the children be clothed and fed and me be clothed and fed making $18,000 a year. It's way above minimum wage, it's a decent living, it's a decent wage and we can be happy."

Although it perhaps would have been better for the court to inquire further as to whether defendant was indigent, we conclude

KING v. KING

[144 N.C. App. 391 (2001)]

that the record before us contains sufficient evidence that defendant was not indigent at the time of the hearing, and that defendant's due process rights were not violated by allowing her to proceed *pro se*.

**[2]** Second, defendant contends that she was denied due process of law, because she was not advised of her right to counsel regarding her motion to modify her child support obligation. Again, we disagree.

As mentioned previously, a defendant must show both indigency, and that a liberty interest is at stake before he must be advised of the right to counsel. We have already concluded from the record that defendant was not indigent. In addition, she has not established that a liberty interest was at stake during the child support modification hearing.

Defendant claims that since she was not advised of her right to counsel and could not afford counsel of her own, she was forced to appear *pro se* in her motion to reduce her child support. By appearing *pro se*, defendant contends that she was "unable to introduce evidence or make timely objection due to her unfamiliarity with the rules regarding civil procedure and evidence," and that she subsequently lost the motion. Furthermore, since her motion to reduce her child support payment was denied, defendant reasons, it follows that she might be unable to make her child support payment in the future, and she may be held in contempt, and therefore imprisoned.

Our Supreme Court has previously rejected similar reasoning in *Wake County, ex rel. Carrington v. Townes*, 306 N.C. 333, 293 S.E.2d 95 (1982), *cert. denied*, 459 U.S. 1113, 74 L. Ed. 2d 965 (1983), a suit to determine paternity. In holding the defendant in *Townes* had no right to appointed counsel at a paternity hearing, the Court stated:

> The entire thrust of a civil action under G.S. 49-14 is the determination of whether or not the defendant is the natural father of the illegitimate child in question. Even if he is found to be so, the defendant will not be imprisoned on that basis at the conclusion of the hearing.
>
> . . .
>
> It is true that a related threat of actual imprisonment, based *partially* upon a prior determination of paternity, *may* arise in *subsequent* criminal or civil enforcement proceedings . . . [h]owever, it is plain that this uncertain "web of possibilities" concerning

future sanctions or ramifications does not constitute an immediate threat of imprisonment in the initial civil paternity action itself . . . .

*Townes*, 306 N.C. at 336, 293 S.E.2d at 98.

Thus, the Supreme Court held the defendant was not entitled to counsel at the paternity hearing since "the necessary menace to personal liberty is clearly absent at that legal stage." *Id.* at 337, 293 S.E.2d at 98. So it is here.

A motion for reduction of child support in and of itself does not present any liberty interest that would be threatened if the movant were to lose. Indeed, defendant here did lose her motion, and she was not subjected to any sort of imprisonment as a result of the hearing.

We now reject the notion that an indigent party is entitled to appointed counsel at a motion for modification of child support, as there is no liberty interest at stake. Furthermore, we hold that this does not violate the party's due process rights.

**[3]** In addition to her due process claims, defendant contends the trial court erred when it denied her motion to reduce child support in the 30 March 1998 order, and when pursuant to the 7 June 1999 order, it denied her motion for new trial and amendment of the 30 March 1998 order based on this issue.

N.C. Gen. Stat. § 50-13.7 (a) (1999) allows an order for child support to be modified at any time upon a showing of changed circumstances. This Court in *Mittendorff v. Mittendorff*, held:

A substantial and *involuntary* decrease in a parent's income constitutes a changed circumstance, and can justify a modification of a child support obligation, even though the needs of the child are unchanged. A *voluntary* decrease in a parent's income, even if substantial, does not constitute a changed circumstance which alone can justify a modification of a child support award. A *voluntary* and substantial decrease in a parent's income can constitute a changed circumstance only if accompanied by a substantial decrease in the needs of the child. In determining whether the party has sustained a decrease in income, the party's actual earnings are to be used by the trial court if the voluntary decrease was in good faith. If the voluntary decrease in income is in bad faith,

the party's earning capacity is to be used by the trial court in determining whether there has in fact been a decrease in income. The burden of showing good faith rests with the party seeking a reduction in the child support award.

*Mittendorff v. Mittendorff*, 133 N.C. App. 343, 344, 515 S.E.2d 464, 466 (1999) (citations omitted).

In his 30 March 1998 order, Judge Constangy found "[t]he court can not [sic] find that the defendant's income has suffered a significant change. Furthermore, the court can not [sic] find that any decline in the defendant's income following the filing of her motion for reduction in child support was involuntary." Although the better practice would have been for the trial court to have found defendant's decline in income to have been voluntary, we believe the finding that the decline was "not . . . involuntary" to be the equivalent.

Since the trial court found defendant's decline in income to be voluntary, it does not constitute a changed circumstance unless the needs of the children have changed. We find no indication that the needs of the children have changed, and no error in the trial court's decision to deny defendant's motion to modify her child support.

As we find no error on the part of the trial court in the 30 March 1998 order, we find no error in the 7 June 1999 denial of defendant's motion for new trial and amendment of the 30 March 1998 order.

Accordingly, finding no violation of defendant's due process rights, and no error on behalf of the trial court, the judgment is upheld.

Affirmed.

Chief Judge EAGLES and Judge HUNTER concur.