**YOUNG v. YOUNG**

[224 N.C. App. 388 (2012)]

HENRY O. YOUNG, III, Plaintiff

v.

JENNIFER MARIE YOUNG (Now Hopper), Defendant

No. COA12-484

Filed 18 December 2012

**1. Child Custody and Support—motion for modification—failure to show substantial change in circumstance**

The trial court did not err by granting defendant's motion for directed verdict on plaintiff's motion for modification of child support. Plaintiff failed to meet his burden of showing a substantial change in circumstance. Plaintiff failed to prove either that his sustained unemployment was involuntary, given his lack of proof with regard to his job search effort and his self-imposed restrictions on his search, or that, even if voluntary, it was in good faith.

**2. Appeal and Error—preservation of issues—untimely appeal—failure to include order or transcript in record**

Although plaintiff contended that the trial court erred by failing to hear several of his motions, the Court of Appeals was without jurisdiction to review these claims. Plaintiff did not meet the required timeline with respect to appealing the 18 April 2011 order. Further, plaintiff failed to include either the 10 March 2011 order or the transcript from that proceeding in the record.

**3. Constitutional Law—right to court-appointed counsel—failure to prove indigence**

The trial court did not err by denying plaintiff's motion for court-appointed counsel in defendant's motion for contempt and attorney fees. Plaintiff failed to meet his burden of proving his indigence. Further, the court stated that it provided plaintiff with several continuances so that he might speak with counsel.

**4. Contempt—civil—violation of separation agreement**

The trial court did not err by finding plaintiff in contempt of court for a violation of the separation agreement that was allegedly not incorporated into a court order. However, plaintiff overlooked that it was incorporated into the 18 April 2011 order.

**YOUNG v. YOUNG**

[224 N.C. App. 388 (2012)]

Appeal by Plaintiff from orders entered 9 November 2011, 2 December 2011, and 4 January 2012 by Judge Doretta L. Walker in Durham County District Court. Heard in the Court of Appeals 25 September 2012.

*The Law Office of Colon & Associates, PLLC, by Arlene L. Velasquez-Colon, for Plaintiff-Appellant.*

*Sharpe, Mackritis & Dukelow, P.L.L.C., by Lisa M. Dukelow, for Defendant-Appellee.*

BEASLEY, Judge.

Henry O. Young, III, (Plaintiff) appeals from an order granting Defendant's motion for directed verdict on Plaintiff's motion for modification of child support, a commitment order, and an order for contempt. For the following reasons, we affirm the orders of the trial court.

Plaintiff and Defendant were married on 3 November 2001, separated on 13 August 2007, and subsequently divorced. They have three children together. On 26 June 2008, Plaintiff filed a complaint for child custody. Defendant answered and filed a counterclaim for custody as well. The parties entered a Separation and Property Settlement Agreement on 31 October 2008. On 19 December 2008, the parties agreed to a Consent Judgment with respect to child support and child custody. This order gave primary physical custody to Defendant, but legal custody remained shared.

Plaintiff lost his job on 29 September 2010. He began collecting unemployment benefits in the amount of $506 per week. On 29 October 2010, Plaintiff filed financial and wage affidavits. On 2 December 2010, Plaintiff filed a motion for Modification of Child Support, *pro se*. Defendant filed financial and wage affidavits on 3 and 4 March 2011. Defendant filed a Motion for Contempt and Attorney's Fees and a Motion for Modification of Child Custody, which was heard by the court, after several continuances, on 10 March 2011. The trial court's order from this hearing, dated 18 April 2011, found Plaintiff in contempt for failure to pay child support and ordered payment of the mortgage in accordance with the Separation Agreement. It also awarded Defendant sole legal custody. Plaintiff's Motion for Modification was dismissed by the court on 19 July 2011 for failure to file a financial affidavit. On 22 August 2011, Plaintiff filed a Rule 60 motion providing proof of timely filing of a financial affidavit. Defendant filed another Motion for Contempt and Attorney's Fees on 25 October 2011. Plaintiff's Rule 60 motion was granted and

a hearing on modification was held on 9 November 2011. At the close of Plaintiff's evidence, Defendant made a Rule 58 Motion for a Directed Verdict, alleging Plaintiff failed to present evidence of a substantial change. The trial court denied Plaintiff's Motion for Modification, finding no substantial change of circumstance, thereby granting Defendant's Motion for Directed Verdict ("Order 1").

On 2 December 2011, the trial court heard Defendant's Motion for Contempt and Attorney's Fees. Plaintiff requested the assistance of court-appointed counsel due to the risk of incarceration, but was denied. At the close of the hearing, the trial court issued a civil commitment order ("Order 2") requiring the first of several scheduled payments by 5 p.m. that day or Plaintiff was to be taken into custody. In a court order filed 4 January 2012 ("Order 3"), the trial court found Plaintiff in contempt for violating the Consent Judgment of 19 December 2008 and the court order of 18 April 2011.

I.

[1] Plaintiff first argues that the trial court erred in granting Defendant's motion for directed verdict and thereby dismissing Plaintiff's motion for modification of child support in Order 1. We disagree.

"Child support orders entered by a trial court are accorded substantial deference by appellate courts and our review is limited to a determination of whether there was a clear abuse of discretion." *Leary v. Leary*, 152 N.C. App. 438, 441, 567 S.E.2d 834, 837 (2002). "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988). "The trial court must, however, make sufficient findings of fact and conclusions of law to allow the reviewing court to determine whether a judgment, and the legal conclusions that underlie it, represent a correct application of the law." *Spicer v. Spicer*, 168 N.C. App. 283, 287, 607 S.E.2d 678, 682 (2005).

"[A]n order of a court of this State for support of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party[.]" N.C. Gen. Stat. § 50-13.7(a) (2011).

> Modification of an order requires a two-step process. First, a court must determine whether there has been a substantial change in circumstances since the date the existing child support order was entered. . . .

. . . .

Upon finding a substantial change in circumstances, the second step is for the court to enter a new child support order that modifies and supersedes the existing child support order.

*Head v. Mosier*, 197 N.C. App. 328, 333-34, 677 S.E.2d 191, 196 (2009) (citations omitted). "The trial court only moves to the second step if the court finds there has been a substantial change in circumstances." *Johnston County ex rel. Bugge v. Bugge*, ___ N.C. App. ___, ___, 722 S.E.2d 512, 514 (2012)(citation omitted). A substantial change in circumstances may be demonstrated by proving the non-custodial parent suffered "a substantial and involuntary decrease in income[,]" or either parent, in good faith, suffered "a voluntary decrease in income" and the child's financial needs changed. *Frey v. Best*, 189 N.C. App. 622, 631-32, 659 S.E.2d 60, 68 (2008)(citation omitted). However, "[t]he fact that a husband's salary or income has been reduced substantially does not automatically entitle him to a reduction." *Wolf v. Wolf*, 151 N.C. App. 523, 526, 566 S.E.2d 516, 518 (2002)(citing *Medlin v. Medlin*, 64 N.C. App. 600, 307 S.E.2d 591 (1983)). "When the evidence shows that a party has acted in 'bad faith,' the trial court may refuse to modify the support awards." *See Wolf*, 151 N.C. App. at 527, 566 S.E.2d at 519 (citing *Chused v. Chused*, 131 N.C. App. 668, 671, 508 S.E.2d 559, 561–62 (1998)).

Plaintiff contends that the trial court erred in failing to find that Plaintiff's motivation in not looking for employment in good faith was to avoid child support obligations. The trial court concluded that Plaintiff failed to meet his burden of showing a substantial material change in circumstances that would warrant a modification. Thus, the trial court found Plaintiff failed to satisfy the first step of review. It supported this conclusion with the following findings of fact, all supported by the evidence: Plaintiff only provided the court with proof of five job applications over the previous year and provided no evidence of others, outside of his testimony; Plaintiff failed to apply for seasonal work; Plaintiff failed to provide evidence of employment sought in other fields outside his own area of expertise; Plaintiff chose to move to a rural area with fewer job opportunities and claimed the expense of a commute limited his job search, despite continuing to travel often to the Raleigh/Durham area to see his children; Plaintiff failed to report income received from the Navy for participation in Voluntary Drills; and Plaintiff chose to purchase an

additional insurance policy for his children despite the fact that Defendant's policy from her employment covered the children. Additionally, the trial court found that Plaintiff's testimony regarding employment was contradictory and "was not completely honest." We find that these facts sufficiently support the trial court's conclusion that Plaintiff failed to meet his burden of showing a substantial change in circumstance. Plaintiff failed to prove either that his sustained unemployment is involuntary, given his lack of proof with regard to his job search effort and his self-imposed restrictions on his search, or that, even if voluntary, it was in good faith. *See Frey*, 189 N.C. App. at 631-32, 659 S.E.2d at 68. Defendant's argument is overruled.

Plaintiff additionally argues that the trial court should have heard his evidence regarding Defendant's failure to submit a financial affidavit or other necessary information to determine whether a change had occurred. However, Defendant's financial status has no bearing on Plaintiff's ability to meet his support obligations due to his unemployment. According to the two-step process of review, if Plaintiff is not able to establish the grounds of this change in good faith, it is not necessary to reassess the child support allocations between the parents. *See Wolf*, 151 N.C. App. at 527, 566 S.E.2d at 519 (citation omitted). Further, the trial court properly denied review and consideration of these documents dated 5 August 2008 because they predated the most recent order from March of 2011. *See Shipman v. Shipman*, 25 N.C. App. 213, 216, 212 S.E.2d 415, 417 (1975)(finding it necessary to review the circumstances of the case only since the most recent decree, not since the initial order).

Last, Plaintiff refers to the Child Support Guidelines to claim that he has suffered more than a fifteen percent reduction in income since the support order, which constitutes a change in circumstances warranting a modification. However, this presumption only applies in the event three years have passed since the initial order. As such, this presumption does not apply here.

II.

**[2]** Plaintiff makes several other assertions with regard to his 2 December 2010 Motion for Modification. Particularly, Plaintiff argues the trial court erred by failing to hear this motion in conjunction with Defendant's motions for contempt, attorney's fees, and modification, heard on 10 March 2011. Plaintiff further contends that the 18 April 2011 contempt order stemming from Defendant's motion lacked suf-

ficient findings of his ability to comply with the 19 December 2008 support order. We are without jurisdiction to review these claims.

"A jurisdictional default . . . precludes the appellate court from acting in any manner other than to dismiss the appeal." *Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.*, 362 N.C. 191, 197, 657 S.E.2d 361, 365 (2008). According to the North Carolina Rules of Appellate Procedure, Plaintiff had thirty days from the entry of judgment on these orders to file an appeal. N.C. R. App. P. 3(c). "The provisions of Rule 3 are jurisdictional, and failure to follow the requirements thereof requires dismissal of an appeal." *Abels v. Renfro Corp.*, 126 N.C. App. 800, 802, 486 S.E.2d 735, 737 (1997).

Plaintiff did not meet the required timeline with respect to appealing the 18 April 2011 order. Thus, we are without jurisdiction to review the claim that this order lacked sufficient findings independent of a review of a properly appealed order. Further, Plaintiff failed to include either the 10 March 2011 order or the transcript from that proceeding in the record, so we are unable to determine whether the trial court properly declined to hear his motion at that time. N.C. R. App. P. 9(a) (stating that appellate "review is solely upon the record on appeal").

## III.

**[3]** Plaintiff next argues that the trial court erred in denying his motion for court-appointed counsel in Defendant's motion for contempt and attorney's fees and that such error violated Plaintiff's due process rights. We disagree.

"The standard of review for alleged violations of constitutional rights is *de novo*." *State v. Graham*, 200 N.C. App. 204, 214, 683 S.E.2d 437, 444 (2009). "Under the requirements of due process, a defendant should be advised of his or her right to have appointed counsel where the defendant cannot afford counsel on his own, and 'where the litigant may lose his physical liberty if he loses the litigation.' " *King v. King*, 144 N.C. App. 391, 393, 547 S.E.2d 846, 847 (2001)(quoting *Lassiter v. Dept. of Social Services of Durham Cty.*, N.C., 452 U.S. 18, 25, 68 L. Ed. 2d 640, 648 (1981)). The burden of proof is on the litigant facing contempt to show "(1) he is indigent, and (2) his liberty interest is at stake." *Id.*

> [I]n order to protect the defendant's due process rights
> . . . the trial court should at the outset: (1) determine
> how likely it is that the defendant will be incarcerated;

(2) if it is likely, the court should inquire of the defendant if he desires counsel, and determine his ability to pay for representation; and (3) if the defendant desires counsel but is indigent at the time, the court is to appoint counsel to represent him.

*Id.* at 394, 547 S.E.2d at 848 (citing *McBride v. McBride*, 334 N.C. 124, 132, 431 S.E.2d 14, 19 (1993)).

Here, we first note that Plaintiff fails to claim that he was indeed incarcerated, and the record is devoid of any indication of such an incarceration. However, Plaintiff was facing possible incarceration, and thus we will review the merits of his claim.

Plaintiff points to the United States Supreme Court's recent decision in *Turner v. Rogers*, ___ U.S. ___ 180 L. Ed. 2d 452 (2011), as support for his assertion that due process required he be provided with counsel. However, *Turner* clearly states that "the Due Process Clause does not always require the provision of counsel in civil proceedings where incarceration is threatened." *Turner*, ___ U.S. at ___, 180 L. Ed. 2d at 457. The Court employed a balancing test weighing the interest involved with the available procedural safeguards to determine whether the proceeding was fair. *Id.* Contrary to Plaintiff's assertion, *Turner* does not stand for the proposition that counsel is not required only when the opposing party is also unrepresented; rather it finds both that in such a scenario, counsel is not required if there are appropriate safeguards in place, and that counsel is not "*automatically* require[d]" in all civil contempt hearings for child support from indigent litigants. *Id.*

Yet the key element in *Turner*, just like the key element found in North Carolina's own precedent, is that the litigant claiming the right to counsel must in fact be indigent. *Id.; King*, 144 N.C. App. at 393, 547 S.E.2d at 847. North Carolina places the burden of establishing indigence on the party claiming it. *King*, 144 N.C. App. at 393, 547 S.E.2d at 847.

Here, Plaintiff informed the court that he had found steady employment and he provided the court with financial disclosures covering his period of unemployment. The court determined that Plaintiff had the ability to pay. As such, Plaintiff failed to meet his burden of proving his indigence. Further, the court stated that it provided Plaintiff with several continuances so that Plaintiff might speak with counsel. Consequently, we find Plaintiff's rights were not violated and the trial court did not err in failing to appoint counsel.

IV.

[4] Last, Plaintiff claims that the trial court erred in finding Plaintiff in contempt of court for a violation of the separation agreement that was not incorporated into a court order. We disagree.

"The standard of review for contempt proceedings is limited to determining whether there is competent evidence to support the findings of fact and whether the findings support the conclusions of law. 'Findings of fact made by the judge in contempt proceedings are conclusive on appeal when supported by any competent evidence and are reviewable only for the purpose of passing upon their sufficiency to warrant the judgment.' " *Watson v. Watson,* 187 N.C. App. 55, 64, 652 S.E.2d 310, 317 (2007) (quoting *Hartsell v. Hartsell,* 99 N.C. App. 380, 385, 393 S.E.2d 570, 573 (1990)) (citation omitted).

"A marital separation agreement which has not been incorporated into a court order is 'generally subject to the same rules of law with respect to its enforcement as any other contract.' " *Condellone v. Condellone,* 129 N.C. App. 675, 681, 501 S.E.2d 690, 695 (1998)(quoting *Moore v. Moore,* 297 N.C. 14, 16, 252 S.E.2d 735, 737 (1979)). "As a general proposition, the equitable remedy of specific performance may not be ordered unless such relief is feasible; therefore courts may not order specific performance where it does not appear that defendant can perform." *Id.* at 682, 501 S.E.2d at 695 (internal quotation marks omitted).

When "the court incorporates by reference a separation agreement into a consent judgment, making the agreement a part of the judgment and ordering compliance with its terms, the agreement merges into the consent judgment and is superseded by the court's decree, any language to the contrary notwithstanding." *Marks v. Marks,* 316 N.C. 447, 454, 342 S.E.2d 859, 863 (1986)(citations omitted). "All separation agreements approved by the court as judgments of the court will be treated . . . as court ordered judgments. These . . . are modifiable, and enforceable by the contempt powers of the court[.]" *Walters v. Walters,* 307 N.C. 381, 386, 298 S.E.2d 338, 342 (1983). The court's power to enforce an agreement through contempt proceedings extends only to those provisions submitted to the court for approval. *Id.* at 386-87, 298 S.E.2d at 342. A contempt order is appropriate where the litigant has failed to comply with an order of the court which "remains in force[,]" has a purpose that "may still be served by compliance with the order[,]" and where the litigant "is able to comply" but willfully fails to do so. N.C. Gen. Stat. § 5A-21(a) (2011).

Plaintiff correctly asserts that the 19 December 2008 Consent Judgment incorporates only those provisions applying to child custody and child support. Paragraph 15 of that order, stating that any violation of the Separation Agreement may be "enforced by the court . . . [via] a Motion for Contempt[,]" is specifically enumerated as applying only to the child custody and child support provisions of the Separation Agreement. Thus, Plaintiff's agreement to pay the mortgage on the marital home was not incorporated in the court order. *Walters*, 307 N.C. at 386–87, 298 S.E.2d at 342. However, Plaintiff overlooks that it was incorporated into the 18 April 2011 order.

In the 18 April 2011 order, the court acknowledged the parties' Separation Agreement provision requiring Plaintiff to pay the mortgage on the marital home. It did not find Plaintiff in contempt for failure to make these payments; contempt was only found with regard to Plaintiff's failure to make child support payments as required by the Consent Judgment. The trial court instead ordered the Plaintiff to make the mortgage payments he agreed to. It also found that Plaintiff's failure to do so had been willful, and thus not due to his inability to comply. While not using this precise language, the 18 April 2011 order properly ordered Plaintiff's specific performance of his agreement to make mortgage payments under the Separation Agreement, thereby incorporating this provision going forward.

The trial court made sufficient findings of fact in the 4 January 2012 order to hold Plaintiff in contempt. It found that Plaintiff failed to comply with the 18 April 2011 order with respect to failure to make the mortgage payments or to reimburse Defendant for the same. This order remained in force and carried a purpose that could still be met by reimbursing Defendant for the money she paid of Plaintiff's agreed share of the mortgage. The trial court further found that Plaintiff was able to make such payments based on his monthly income and expenses, and that his failure to do so was willful. *See* N.C. Gen. Stat. § 5A-21(a) (2011). It therefore provided a sufficient factual basis for concluding that Plaintiff was in contempt of the 18 April 2011 order. Consequently, the trial court did not err in its 4 January 2012 order in finding Plaintiff in contempt.

Affirmed.

Judges MCGEE and THIGPEN concur.