DAVIS, Judge.
Samuel Leverne Jones ("Defendant") appeals from a civil judgment entered in connection with his convictions for felony breaking and entering, larceny after breaking and entering, and attaining the status of a habitual breaking and entering offender. On appeal, Defendant argues that the trial court erred by failing to provide him with notice and an opportunity to be heard before imposing attorneys' fees and an appointment fee in connection with services rendered by his court-appointed counsel. We agree and vacate the civil judgment without prejudice to the State's right to seek a new hearing on this issue.
Factual and Procedural Background
On 21 April 2014, Defendant was indicted for felony breaking and entering, larceny after breaking and entering, and attaining the status of a habitual breaking and entering offender. On 20 January 2016, Defendant entered an Alford plea to those charges and was convicted. In accordance with the plea agreement, the trial court consolidated the charges into one judgment and sentenced defendant to 23 to 40 months imprisonment.
After the court announced its sentence, the following exchange occurred in open court:
[THE COURT:] He has 487 days of pretrial confinement credit, for which he'll receive credit. Waive the costs. Find that he's gonna be incarcerated and unable to pay them. Civil lien for his attorney fees. Were you part of an appointment, sir?
MR. McKNIGHT: I was, your Honor.
THE COURT: All right.
MR. McKNIGHT: I can have that to you by the end of the day.
THE COURT: All right. That'll be a civil lien, and I'll sign that after I review it.
Defendant entered oral notice of appeal of the judgment.
On 27 January 2016, Reggie McKnight, Defendant's trial counsel, filed a document entitled "Non-Capital Criminal Case Trial Level Fee Application Order for Payment Judgment Against Indigent," which was signed by the trial judge and ordered Defendant to pay the sum of $4,181.10 in fees related to his court-appointed counsel.
On 9 November 2016, the State filed a motion to dismiss the present appeal-in which Defendant challenges only the imposition of attorneys' fees and an appointment fee[1] -on the basis that Defendant failed to file a timely written notice of appeal pursuant to Rule 3(a) of the North Carolina Rules of Appellate Procedure.
Analysis
As an initial matter, we must determine whether we have jurisdiction over the present appeal. A judgment of attorneys' fees and appointment fees arising from a court-appointed attorney in a criminal case is a "civil judgment[ ], and, accordingly, [D]efendant [is] required to comply with Rule 3(a) of the Rules of Appellate Procedure when appealing from [it]." State v. Smith , 188 N.C. App. 842, 845, 656 S.E.2d 695, 697 (2008) (citation and quotation marks omitted). Rule 3(a) provides that "[a]ny party entitled by law to appeal from a judgment or order of a superior or district court rendered in a civil action or special proceeding may take appeal by filing notice of appeal with the clerk of superior court and serving copies thereof upon all other parties...." N.C. R. App. P. 3(a).
Here, Defendant gave oral notice of appeal from his criminal judgment but concedes that he did not file written notice of appeal from the civil judgment imposing attorneys' fees and an appointment fee as required by Rule 3(a). Because "[t]he provisions of Rule 3 are jurisdictional, and failure to follow the requirements thereof requires dismissal of an appeal[,]" Young v. Young , 224 N.C. App. 388, 393, 736 S.E.2d 538, 543 (2012) (citation and quotation marks omitted), this Court is without jurisdiction to hear Defendant's appeal of the civil judgment. See Smith , 188 N.C. App. at 845-46, 656 S.E.2d at 697. Accordingly, we allow the State's motion to dismiss Defendant's appeal from the civil judgment.
However, Defendant has also filed a petition for writ of certiorari seeking review of the civil judgment. Pursuant to Appellate Rule 21, this Court may, in its discretion, grant a petition for writ of certiorari and review an order or judgment entered by the trial court "when the right to prosecute an appeal has been lost by failure to take timely action[.]" N.C. R. App. P. 21(a)(1). In our discretion, we elect to grant Defendant's petition for writ of certiorari and reach the merits of his appeal.
Defendant contends that the trial court erred by imposing attorneys' fees and an appointment fee without first providing him with sufficient notice and the opportunity to be heard on the total hours and fees claimed by appointed counsel. The State concedes that this error occurred. Before imposing attorneys' fees, a defendant must be "notified of and given an opportunity to be heard regarding the appointed attorney's total hours or the total amount of fees imposed." State v. Jacobs , 172 N.C. App. 220, 236, 616 S.E.2d 306, 317 (2005).
Because there is no indication in the record that Defendant in the present case was notified of and given an opportunity to be heard regarding his appointed attorney's total hours and the fees imposed, we vacate the trial court's order imposing attorneys' fees and an appointment fee and remand without prejudice to the State's right to seek the imposition of these fees upon proper notice and an opportunity to be heard being afforded to Defendant. See id. (remanding without prejudice to State's right to seek attorneys' fees upon provision to defendant of notice and opportunity to be heard). Because Defendant has not raised any issue regarding his underlying criminal convictions, we accordingly find no error in his trial or with the sentence that was imposed.
Conclusion
For the reasons stated above, we conclude that there was no error with regard to Defendant's criminal convictions and sentence but vacate the trial court's order imposing attorneys' fees and an appointment fee and remand for further proceedings.
NO ERROR IN PART; VACATED AND REMANDED IN PART.
Report per Rule 30(e).
Judges BRYANT and ZACHARY concur.

Defendant has not raised in this appeal any challenges to his underlying convictions.