ARROWOOD, Judge.
Edward Pimentel ("defendant") appeals from an order granting Brielle L. Chapman ("plaintiff")'s request for modification of the custody and child support arrangement for the parties' minor child. For the reasons stated herein, we vacate the order of the trial court and remand for the trial court to make additional findings of fact.
I. Background
Plaintiff filed a complaint for child custody against defendant on 19 May 2015. On 9 July 2015, the trial court entered a consent order for child custody, awarding the parties joint physical and legal custody. On 5 July 2016, a consent order for child support was entered.
On 16 March 2017, plaintiff moved to modify the child custody and child support arrangement. As a part of this motion, she requested sole physical and legal custody of the child so that she could relocate outside of North Carolina, to Louisiana.
The matter came on for hearing before the Honorable Lori G. Christian on 10 July 2017. On 19 August 2017, the trial court entered an order for permanent child custody and child support ("the modification order") that allowed plaintiff to relocate the minor child to Louisiana, reduced defendant's custodial time, granted plaintiff sole legal custody, and increased defendant's support obligation.
Defendant appeals.
II. Discussion
Defendant argues on appeal that the trial court erred by modifying the child custody order without: (1) determining that there had been a substantial change in circumstances affecting the minor child, and (2) making findings of fact that established a modification was in the minor child's best interests. He also argues the trial court erred by modifying the child support order by: (1) failing to make findings of fact showing a substantial change in circumstances that would justify increasing the support payments, and (2) ordering the parties to enter into a consent order modifying the child support obligation in a separate case. We address each argument in turn.
A. Custody Order
First, defendant argues the trial court erred in modifying the custody order because the order did not properly conclude that there had been a substantial change in circumstances affecting the minor child. We agree.
"When reviewing a trial court's decision to grant or deny a motion for the modification of an existing child custody order, the appellate courts must examine the trial court's findings of fact to determine whether they are supported by substantial evidence." Shipman v. Shipman , 357 N.C. 471, 474, 586 S.E.2d 250, 253 (2003) (citation omitted). We must also evaluate whether "the trial court's factual findings support its conclusions of law." Id. at 475, 586 S.E.2d at 254 (citation omitted). We review conclusions of law de novo. Stephens v. Stephens , 213 N.C. App. 495, 498, 715 S.E.2d 168, 171 (2011) (citation omitted).
Before a trial court may modify an existing child custody order, it must first properly determine "(1) that there has been a substantial change in circumstances affecting the welfare of the child , and (2) a change in custody is in the best interest of the child." Evans v. Evans , 138 N.C. App. 135, 139, 530 S.E.2d 576, 578-79 (2000) (emphasis added) (internal citations omitted). "[W]hether changed circumstances exist is a conclusion of law." Thomas v. Thomas , 233 N.C. App. 736, 739, 757 S.E.2d 375, 379 (2014) (citation omitted).
In "situations where the substantial change involves a discrete set of circumstances such as a move on the part of a parent" or a parent's cohabitation, the effect the changed circumstances have on a child's welfare is not self-evident, and, therefore, there must be "evidence directly linking the change to the welfare of the child." Shipman , 357 N.C. at 478, 586 S.E.2d at 256 (citations omitted); see Stephens , 213 N.C. App. at 499, 715 S.E.2d at 172 ("Unless the effect of the change on the children is 'self-evident,' the trial court must find sufficient evidence of a nexus between the change in circumstances and the welfare of the children.") (citation omitted).
Here, even assuming arguendo that the evidence in the record supported the trial court's findings and conclusions concerning a change in circumstances, the trial court failed to conclude that the changes in circumstances affected the welfare of the minor child, and we find no evidence in the record to support the determination that the minor child's welfare was affected. Such an affect is not self-evident from the findings of fact made by the trial court to support its conclusion that a substantial change in circumstances had occurred since the 2015 custody order, which included: at the time of the order "the parties were working on their relationship[,]" and are no longer doing so, "[t]he parties now both have significant others [who] love and adore" the child, and the child "is ready to begin preschool." Moreover, under our case law, the finding that plaintiff's relocation was imminent does not make it self-evident that the child's welfare would be affected. See Shipman , 357 N.C. at 478, 586 S.E.2d at 256 (citations omitted).
Therefore, because the findings of fact do not establish a connection between the changes since the entry of the 2015 custody order and the child's welfare, the findings of fact do not support a conclusion that a substantial change in circumstances occurred that affected the child, and the trial court erred in modifying the 2015 custody order. We vacate the order and remand this matter for a new hearing as to whether there has been a substantial change in circumstances and how such a change in circumstances affects the welfare of the child to determine if the instant case warrants a modification of custody.
Defendant also argues that the trial court erred in modifying the 2015 custody order because it did not make findings of fact establishing that modification was in the minor child's best interests. However, a trial court may only determine whether modification would serve to promote the child's best interests upon a determination "that a substantial change in circumstances affecting the welfare of the minor child occurred." Shipman, 357 N.C. at 481, 586 S.E.2d at 257. Therefore, because the trial court erred by failing to establish a connection between the changes since the entry of the 2015 custody order and the child's welfare, we do not reach this second argument on appeal.
B. Child Support Order
Defendant next argues the trial court erred in modifying defendant's child support obligation by failing to make findings of fact that show a substantial change in circumstances to justify increasing the support payments.
"[A]n order of a court of this State for support of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party[.]" N.C. Gen. Stat. § 50-13.7(a) (2017). A court must determine there has been a substantial change in circumstances before entering a new child support order to modify and supersede the existing support order. Young v. Young , 224 N.C. App. 388, 391, 736 S.E.2d 538, 542 (2012) (citation omitted). "The changed circumstances must relate to child-oriented expenses." Davis v. Risley , 104 N.C. App. 798, 800, 411 S.E.2d 171, 172-73 (1991) (citation and internal quotation marks omitted). "It is well established that an increase in child support is improper if based solely upon the ground that the support payor's income has increased ." Thomas v. Thomas , 134 N.C. App. 591, 594, 518 S.E.2d 513, 515 (1999) (citing Greer v. Greer, 101 N.C. App. 351, 355, 399 S.E.2d 399, 402 (1991) (explaining that "[w]ithout evidence of any change of circumstances affecting the welfare of the child or an increase in need ... an increase for support based solely on the ground that the support payor's income has increased is improper") ).
Here, the trial court increased defendant's child support payment based on the following findings of fact:
20. Plaintiff is self-employed as a hairdresser and earns approximately $2,800 in gross income per month.
21. Defendant works in sales and earns, on average, approximately $17,500 per month in gross income. The Defendant's pay is 100% commission-based and varies month to month.
22. Defendant currently covers the minor child on his health insurance at a cost of approximately $250.00 per month. Beginning September 1, 2017, Plaintiff will secure and maintain health insurance for the minor child at a cost of approximately $308.00 per month.
22. Both parties owe a duty to support the minor child.
23. Defendant has the ability to pay support as provided herein.
Based on these findings of fact, the trial court concluded, in relevant part:
4. The support ordered herein is reasonable considering the income, expenses, and assets of the parties and the expenses of the child.
Accordingly, the trial court ordered:
18. The Defendant shall pay child support pursuant to the North Carolina State Child Support Guidelines Worksheet A. From April 1, 2017 through August 30, 2017, the Defendant shall pay the Plaintiff $1,544.42 per month, on or before the first day of each month, as and for child support. ...
19. Beginning September 1, 2017, the Defendant shall pay to the Plaintiff $1,844.44 per month, on or before the first day of each month, as and for child support.
These findings of fact and conclusions of law do not demonstrate that the trial court determined there was a substantial change related to child-oriented expenses warranting a child support increase. Therefore, the custody order must be vacated and remanded.
Defendant also argues that the trial court erred by ordering the parties to enter a consent order in another case consistent with the trial court's child support order. We agree and, although we have vacated the child support order based on the trial court's failure to determine whether there was a substantial change related to child-oriented expenses, we address this issue so that the trial court does not repeat its error on remand.
"For a valid consent order, the parties' consent to the terms must still subsist at the time the court is called upon to sign the consent judgment." Daniel v. Moore , 164 N.C. App. 534, 538, 596 S.E.2d 465, 468, aff'd, 359 N.C. 183, 606 S.E.2d 118 (2004) (citation and internal quotation marks omitted). Therefore, because consent orders depend on the unqualified consent of both parties, a trial court cannot order that parties enter into a consent judgment. See id.
Here, the trial court ordered the parties to enter into a consent order as follows:
21. Within ten (10) days following the entry of this Order, the parties shall cooperate and execute any and all documents necessary to enter an Order in the matter of Wake County ex.rel Brielle Chapman vs. Edward Pimentel; Wake County District Court File No. 16 CVD 6426 modifying Defendant's prospective child support obligation consistent with the provisions set forth herein.
However, because a consent order cannot be entered without the unqualified consent of both parties, the trial court was without the authority to order the parties to enter into a consent order in a separate action. Therefore, the trial court erred by entering such an order.
III. Conclusion
For the reasons discussed, we vacate the child custody and support order and remand for a new hearing. Upon remand, the trial court should consider whether any change of circumstances exists that would affect the child's welfare or an increase in her needs.
VACATED AND REMANDED.
Report per Rule 30(e).
Judges CALABRIA and MURPHY concur.