An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-709

Filed 18 June 2025

Robeson County, No. 15CVD002684-770

ROBESON COUNTY DEPARTMENT OF SOCIAL SERVICES
on behalf of JALESSA NESBY,

                    Plaintiff,

      v.

ARTHUR M. MOORE,

                    Defendant.

Appeal by petitioner from a child support modification order entered 6 November 2023 by Judge Diane P. Surgeon in Robeson County District Court, No. 15CVD002684-770. Heard in the Court of Appeals 13 February 2025.

*Batch, Poore & Williams, PC, by Sydney J. Batch, for defendant-appellant.*

*No brief filed by plaintiff-appellee.*

FREEMAN, Judge.

Petitioner-father appeals from the trial court's order modifying his child support obligation. Petitioner-father argues that the "trial court's findings of fact do not support the conclusions of law contained in the modification order," so the trial

court abused its discretion by modifying the child support obligation. After careful review, we vacate the trial court's order and remand this matter for entry of a new order.

## I. Factual and Procedural Background

Petitioner-father and respondent-mother have one child together, who was eleven years old when the child support order was modified. The child has an arteriovenous defect, chronic lung disease, and an astigmatism.[1]

In October 2015, the parents entered into a voluntary support agreement, which provided that petitioner-father would pay respondent-mother $378.00 per month in child support beginning on 1 November 2015. Petitioner-father was in the United States Army when he entered into the support agreement.

In February or March 2023, petitioner-father was discharged from the Army. On 11 April 2023, petitioner-father filed a motion and notice of hearing for modification of child support Order. Petitioner-father alleged that his discharge was a substantial change in circumstances to reduce or suspend his child support obligation. The motion was heard and denied on 12 May 2023.

Petitioner-father subsequently filed a second Motion and Notice for Hearing of Child Support Order on 21 September 2023. He alleged that the child was no longer

---

[1] Nearly all of the facts stated in this opinion are based upon either the court file or transcript of the hearing, since the trial court did not make findings of fact addressing the facts relevant to modification of child support or setting a new child support obligation.

living with respondent-mother, which he contended was a substantial change in circumstances. At the hearing, petitioner-father testified that after he filed the second motion, he was hired for full-time work at a temporary employment agency at a rate of $15.00 per hour.

The hearing was held on 6 November 2023. At the hearing, petitioner-father confirmed that he would work 40 hours per week for $15.00 an hour. He also stated that he received no compensation from the U.S. Department of Veterans Affairs, but he was actively "going through the VA process." Petitioner-father testified that he was paying child support obligations for six other children, for which he paid a total of approximately $350.00 to $400.00 per month per child, and that one child lived with him. Although respondent-mother did not present evidence of Father's other child support obligations, respondent's counsel reported to the trial court that Father had monthly child support obligations of $535.00 in Cumberland County; $50.00 in Columbus County; and $0 in Craven County. He also had "out of state" child support obligations of $300.00 per month. Despite the allegation that the child no longer lived with respondent-mother in his motion to modify, petitioner-father did not testify that the child did not reside with respondent-mother, or that the child resided with someone else.

Respondent-mother testified to the child's medical condition. She explained that the child was treated by specialists at Duke Health and had weekly vision therapy appointments at Governor Morehead School for the Deaf and Blind. She

further testified that Medicaid covered all of the child's medical expenses, but the child was supposed to have been on petitioner-father's medical insurance before he was discharged from the United States Army. Respondent-mother testified that her out-of-pocket expenses included "food, clothes, or any other medicine that he needs, the basic needs[.]" Respondent-mother confirmed that she earned $22.00 per hour and worked 37.5 hours per week. Respondent-mother also stated that she did not pay any childcare expenses because her grandmother babysat the child when respondent-mother was at work. She did not testify that the child did not reside with her. At the close of testimony, an off-record bench conference was held with the parties' counsel and the trial court. After the conference, the trial court announced:

> Considering all the evidence before the Court and considering all the medical conditions of the minor child before me, the health—extraordinary health condition— the Court is inclined to reduce to $300 per month and $50 per month on the arrears. The effective date would be [November] 1.

On 13 November 2023, the trial court filed its written order. It used a pre-typed form with different sections for its factual findings, conclusions of law, and decretal provisions. The form has several checkboxes with printed text for the trial court to check or blanks for the trial court to fill in. Under the first section, entitled "FINDINGS OF FACTS," the trial court checked two boxes and filled in blanks[2]:

1. That the Defendant was represented by <u>Megan Chavis</u>,

---

[2] The underlined portions represent what the trial court added to the form; these statements are unique to the present case. The non-underlined portions are part of the standard form.

Attorney at Law

. . .

6. That the <u>Defendant</u> requested a modification of the child support for the following reasons: <u>child no longer residing with the plaintiff.</u>

The trial court also made a finding of respondent-mother's address. Finding number seven, entitled "Other," had blank lines for additional findings of fact. The trial court left this area blank.

The next section of the form stated the trial court's "conclusion of law" by checking boxes and filling in the blanks:

1. That there HAS been a substantial change in circumstances warranting the Court to modify the existing child support obligation which is currently set at $ <u>378.00</u> per month

Finally, in the decretal portion, the court checked two boxes:

1. That the child support obligation shall be ADDED / INCREASED / <u>DECREASED</u> to $ <u>300.00</u> per month effective <u>11-1-23</u>.

. . .

9. Other: <u>$ $ 50.00 arrears frequency added effective 11-1-23. The Judge denied to motion that child is not residing with plaintiff.</u>

Below the decretal provision section, the trial court handwrote: "Defendant stated he works at [temporary employment] agency, amount of $300.00 based on the defendant's ability to work and the medical needs of the child." There was no finding as to the total amount of arrears owed. There was no indication in the order of how

- 5 -

the child support of $300.00 was calculated.

Petitioner-father timely appealed the trial court's order.

## II.    Jurisdiction

This Court has jurisdiction to review a final order from a district court. N.C.G.S. § 7A-27(b)(2) (2023).

## III.    Standard of Review

A trial court's modification of an existing child support obligation is reviewed for abuse of discretion. *Cash v. Cash*, 286 N.C. App. 196, 201 (2022). "Abuse of discretion results where the [trial] court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285 (1988) (citation omitted). "The trial court must, however, make sufficient findings of fact and conclusions of law to allow the reviewing court to determine whether a judgment, and the legal conclusions that underlie it, represent a correct application of the law." *Young v. Young*, 224 N.C. App. 388, 390 (2012) (citation omitted). Fundamentally:

> Effective appellate review of an order entered by a trial court sitting without a jury is largely dependent upon the specificity by which the order's rationale is articulated. Evidence must support findings; findings must support conclusions; conclusions must support the judgment. Each step of the progression must be taken by the trial judge, in logical sequence; each link in the chain of reasoning must appear in the order itself. Where there is a gap, it cannot be determined on appeal whether the trial court correctly exercised its function to find the facts and apply the law thereto.

*Coble v. Coble*, 300 N.C. 708, 714 (1980).

## IV. Discussion

Petitioner-father contends that the trial court abused its discretion by modifying his child support obligation because "the trial court's limited findings of fact are insufficient to support the trial court's conclusions of law and decretal provisions."

A child support order may be modified "at any time, upon motion in the cause and a showing of changed circumstances by either party[.]" N.C.G.S. § 50-13.7(a) (2023).

> Modification of an order requires a two-step process. First, a court must determine whether there has been a substantial change in circumstances since the date the existing child support order was entered. . . . Upon finding a substantial change in circumstances, the second step is for the court to enter a new child support order that modifies and supersedes the existing child support order.

*Head v. Mosier*, 197 N.C. App. 328, 333–34 (2009) (cleaned up). "A substantial change in circumstances may be demonstrated by proving the non-custodial parent suffered a substantial and involuntary decrease in income, or either parent, in good faith, suffered a voluntary decrease in income and the child's needs changed." *Young*, 224 N.C. App. at 391 (cleaned up).

But before a trial court modifies "the amount of support payments," it "must make findings as to the relative abilities of the parties to provide support." *Daniels v. Hatcher*, 46 N.C. App. 481, 484 (1980); *see also Hart v. Hart,* 268 N.C. App. 172,

186 (2019). When "a trial court merely references evidence in the record[,]"—such as by reciting the testimony of a hearing witness in its factual findings—that reference, standing alone, is not a "proper" factual finding. *In re H.B.*, 384 N.C. 484, 490 (2023). To be clear, "recitations of the testimony of each witness do not constitute findings of fact by the trial judge." *In re A.C.*, 378 N.C. 377, 383 (2021) (cleaned up). "When a trial court makes a credibility determination about recited evidence, that transforms the recited evidence from a mere recitation into a proper evidentiary finding." *In re H.B.*, 384 N.C. at 490 (cleaned up).

Here, the trial court's findings of fact establish that petitioner-father: (1) was represented by counsel; and (2) alleged that the child no longer lived with respondent-mother. To the extent this could be considered as a finding that the child no longer lived with respondent-mother, it is not supported by the evidence. Neither parent testified that there was any change in the child's residence or that he was not living with respondent-mother.

Furthermore, the handwritten sentence after the decretal provisions recites petitioner-father's testimony about his employment without making any credibility determination. So even if this handwritten note were in the factual finding portion of the order, it still would not constitute a proper evidentiary finding because it is a mere recitation of a witness's testimony. But had the trial court made a credibility determination regarding petitioner-father's testimony, it still did not make any finding about his income—it merely reiterated where petitioner-father was employed.

In addition, the trial court made no finding regarding respondent-mother's income.

Therefore, the only finding the trial court made regarding a change in residence of the child was not supported by the evidence, and the trial court did not make any factual findings to support the conclusion of law that there had been a substantial change of circumstances to justify decreasing petitioner-father's child support obligation. Nor did the trial court make any findings to explain why it set petitioner-father's child support at $300.00 per month, or to support why it awarded $50.00 per month in arrears. Thus, even if there were grounds for modifying petitioner-father's child support obligation, the trial court made no findings of fact which would allow us to review the amount of child support. Since the trial court made no findings of fact to support its conclusion of law, the conclusion that "there had been a substantial change in circumstances warranting the trial court to modify the existing child support obligation" is not supported by the findings. [3]

Petitioner-father also argues that the trial court erred because it (1) imputed income to petitioner-father and (2) based the amount of the child support order on the "medical needs of the child," despite respondent-mother's testimony that all of the child's medical expenses were covered by insurance. But for the reasons stated above, the lack of factual findings precludes our review of these arguments. Because "each

---

[3] Though not argued on appeal, we note that even if modification of the child support obligation were proper, the trial court would be required to determine the amount of support based on the Child Support Guidelines, unless it made the appropriate findings to support deviation from the Guidelines. N.C.G.S. § 50-13.4(c) (2023).

link in the chain of reasoning," *see Coble*, 300 N.C. at 714, is not present in the trial court's order, we cannot determine whether the trial court improperly imputed income to petitioner-father or erroneously reduced his child support obligation based on the medical needs of the child.

## V.  Conclusion

Because the trial court's order modifying petitioner-father's child support obligation did not contain sufficient findings of fact, we vacate the order and remand for the trial court to enter a new order with appropriate findings to support its conclusions of law and decree.  On remand, the trial court may in its discretion hold a new hearing before entry of a new order.

VACATED AND REMANDED.

Judges STROUD and ARROWOOD concur.

Report per Rule 30(e).